FILED
MAY 27 2008
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN C. SIMMS,<br><br>    Plaintiff,<br><br>    v.<br><br>COURT OF APPEALS FOR THE<br>DISTRICT OF COLUMBIA *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. **08 0886**<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM OPINION

The plaintiff has filed a *pro se* complaint and an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis*. The Court will dismiss the complaint under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff has filed a suit under the Civil Rights Act of 1871, 42 U.S.C. §§ 1985(2), seeking $250 million in compensatory damages. Plaintiff alleges that his court-appointed attorney conspired with the Court of Appeals and Superior Court for the District of Columbia to violate his civil rights in connection with a 1977 prosecution under the District of Columbia criminal code. He also alleges that his counsel committed malpractice.

In *Heck v. Humphrey*, the Supreme Court directed that "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. *See also, Hazel v. Reno*, 20 F. Supp. 2d 21, 23-24 (D.D.C. 1998) (applying the rule in *Heck* to actions

brought under 42 U.S.C. § 1985). Here, the wrongs that plaintiff alleges would render his conviction invalid. The plaintiff has not demonstrated that his conviction or sentence has already been invalidated. Therefore, under the rule in *Heck v. Humphrey,* the civil rights claim for damages must be dismissed. To the extent the complaint states a state claim for malpractice, the Court declines to exercise supplemental jurisdiction over that claim. *See* 28 U.S.C. § 1367(c)(3).

A separate order accompanies this memorandum opinion.

Date: 5/15/08

United States District Judge